UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

UNITED STATES OF AMERICA

v.   CASE NO: 3:16-cr-102-MMH-MCR

CHAD MATTHEW ECK   ORDER ON MOTION FOR SENTENCE REDUCTION UNDER 18 U.S.C. § 3582(c)(1)(A)

# **O R D E R**

Upon motion of ☒ the defendant ☐ the Director of the Bureau of Prisons for a reduction in sentence under 18 U.S.C. § 3582(c)(1)(A), and after considering the applicable factors provided in 18 U.S.C. § 3553(a) and the applicable policy statements issued by the Sentencing Commission,

IT IS ORDERED that the motion is:

☒ DENIED after complete review of the motion on the merits.

☒ FACTORS CONSIDERED

Defendant Chad Matthew Eck is a 43-year-old inmate incarcerated at Williamsburg FCI, serving concurrent 137-month terms of imprisonment for two counts of possession of a firearm by an armed career criminal and one count of possession with intent to distribute 50 grams or more of methamphetamine. (Doc. 50, Judgment).[1] According to the Bureau of Prisons

---

[1] Although Eck was subject to a 15-year mandatory minimum sentence under the Armed Career Criminal Act ("ACCA"), 18 U.S.C. § 924(e), the Court sentenced him below the

(BOP), he is scheduled to be released from prison on October 3, 2026.

Eck filed a 46-page renewed motion for compassionate release, in which he raises myriad arguments for a reduced sentence. (Doc. 69, Renewed Motion).[2] Among other things, Eck asserts that his facility cannot keep him and other inmates safe from COVID-19. He states that he suffers from medical conditions that increase his risk of developing severe illness should he contract COVID-19, and that his conditions have worsened since the Court denied his last motion for compassionate release. In addition, Eck argues that he and his family have suffered hardships during his incarceration because of his cooperation with the government and because of COVID-19 lockdowns, that he is owed additional credit for his cooperation under Rule 35(b), Federal Rules of Criminal Procedure ("Rule(s)"), and that he is entitled to earned time credits under the First Step Act. Eck argues that he has worked toward rehabilitation, that he is not a danger to the community, and that the § 3553(a) factors support reducing his sentence. The United States filed a response and exhibits opposing the Renewed Motion. (Doc. 72, Response; Doc. 73, Supp. Response).

---

mandatory minimum because he cooperated with the government and the United States moved for a substantial assistance reduction, which the Court granted. (See Doc. 44, Substantial Assistance Motion; Doc. 51, Statement of Reasons).

[2]  Eck filed a motion for compassionate release in 2020 (Docs. 60, 66, 67), which the Court denied because Eck had not demonstrated extraordinary and compelling reasons and because the § 3553(a) factors did not warrant a sentence reduction (Doc. 68, Order).

A movant under § 3582(c)(1)(A) bears the burden of proving that a sentence reduction is warranted. United States v. Kannell, 834 F. App'x 566, 567 (11th Cir. 2021) (citing United States v. Green, 764 F.3d 1352, 1356 (11th Cir. 2014)). The statute provides:

> [T]he court, upon motion of the Director of the Bureau of Prisons, or upon motion of the defendant after the defendant has fully exhausted all administrative rights to appeal a failure of the Bureau of Prisons to bring a motion on the defendant's behalf or the lapse of 30 days from the receipt of such a request by the warden of the defendant's facility, whichever is earlier, may reduce the term of imprisonment ... if it finds that extraordinary and compelling reasons warrant such a reduction … and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission.

18 U.S.C. § 3582(c)(1)(A)(i). The Eleventh Circuit Court of Appeals instructs that U.S.S.G. § 1B1.13 is the applicable policy statement for all § 3582(c)(1)(A) motions, and that "a district court cannot grant a motion for reduction if it would be inconsistent with the [Sentencing] Commission's policy statement defining 'extraordinary and compelling reasons.'" United States v. Bryant, 996 F.3d 1243, 1247, 1249 (11th Cir.), cert. denied, 142 S. Ct. 583 (2021); see also U.S.S.G. § 1B1.13, cmt. 1 (defining "extraordinary and compelling reasons").[3] Notably, "[b]ecause the statute speaks permissively and says that the district

---

[3] Application Notes 1(A) through 1(C) provide that a terminal illness or a serious medical condition, old age, and certain family circumstances qualify as extraordinary and compelling reasons. Application Note 1(D) provides that extraordinary and compelling reasons exist if, "[a]s determined by the Director of the Bureau of Prisons, there exists in the defendant's case an extraordinary and compelling reason other than, or in combination with, the reasons described in subdivisions (A) through (C)."

court 'may' reduce a defendant's sentence after certain findings and considerations, the court's decision is a discretionary one." United States v. Harris, 989 F.3d 908, 911 (11th Cir. 2021). And, as the Third Circuit Court of Appeals has observed, COVID-19 cannot independently justify compassionate release, "especially considering BOP's statutory role, and its extensive and professional efforts to curtail the virus's spread." United States v. Raia, 954 F.3d 594, 597 (3d Cir. 2020).

The Court has reviewed the entirety of Eck's Renewed Motion for Compassionate Release. None of the circumstances he raises in the Renewed Motion satisfies the definition of "extraordinary and compelling reasons" outlined in U.S.S.G. § 1B1.13, Application Note 1. First, Eck seeks compassionate release because of the COVID-19 pandemic and his underlying conditions, which include "severe acute asthma," ulcers, hiatal hernia, gastroesophageal reflux disease (GERD) with esophagitis, Barrett's esophagus, and hypertension. Renewed Motion at 13, 15. Eck states that his asthma is treated with a mometasone furoate inhaler and an albuterol inhaler, two types of corticosteroids that Eck contends suppress his immune system. Id. at 13. Although Eck has received the COVID-19 vaccine, he says that the Chief Clinical Physician at his facility, Dr. Hoey, told him he should move for compassionate release because he was at high risk of contracting COVID-19 and would not fully recover were he to do so. Id. at 14.

Of Eck's conditions, only asthma and hypertension are associated with a heightened risk of complications from COVID-19.[4] According to the Centers for Disease Control (CDC), asthma "can make you more likely to get very sick from COVID-19" "if it's moderate to severe."[5] While Eck characterizes his asthma as "severe acute asthma," he provides no documentation to confirm this characterization. To the contrary, while the medical records confirm that Eck has asthma, his condition is described as "clinically stable" (Doc. 72-3, Medical Records at 28), and on August 17, 2021, Dr. Hoey reported that Eck was "doing very well clinically from Pulmonary/ Respiratory point of view, using PRN albuterol inhaler very sparingly," id. at 6. Similarly, the medical records say nothing about Eck having hypertension. See id. at 28–29. Yet even if Eck does have moderate-to-severe asthma and hypertension, the CDC reports only "mixed evidence" of a link between these conditions and developing severe COVID-19.[6] Further, Eck is not elderly, he has received the Pfizer COVID-19 vaccine, Medical Records at 31, 43–44, including a recent booster shot (Doc. 73-1), and he points to no evidence that his conditions substantially diminish his

---

[4] People with Certain Medical Conditions, CDC (updated Feb. 25, 2022), available at https://www.cdc.gov/coronavirus/2019-ncov/need-extra-precautions/people-with-medical-conditions.html.

[5] Id.

[6] Underlying Medical Conditions Associated with Higher Risk for Severe COVID-19: Information for Healthcare Professionals, CDC (updated Feb. 15, 2022), available at https://www.cdc.gov/coronavirus/2019-ncov/hcp/clinical-care/underlyingconditions.html.

5

ability to provide self-care within the prison environment, see U.S.S.G. § 1B1.13, cmt. 1(A)(ii). Although Eck expresses concern that the new "omicron variant" of coronavirus can evade vaccine protection, there is no evidence of widespread transmission at Eck's facility, which reports zero cases of COVID-19 among inmates or staff.[7]

Eck also contends that his asthma inhalers suppress his immune system because they are corticosteroids. Although the Mayo Clinic reports that long-term use of <u>oral</u> corticosteroids may increase the risk of various infections, the same systemic risk is not associated with inhaled corticosteroids.[8] And Eck's medical records do not suggest that he is considered immunocompromised. Indeed, Eck's blood panel from September 2021 reflects no deficiency in his white blood cell count. Medical Records at 37. Despite Eck's assertion that Dr. Hoey told him he would not recover if he contracted COVID-19, Eck <u>did</u> contract COVID-19 in January 2021 and he recovered without serious complications. Id. at 11, 29. In sum, neither Eck's medical conditions, which are mild, well controlled, and fairly commonplace, nor the COVID-19 pandemic, which has impacted every inmate in the BOP system, qualifies as an "extraordinary and compelling reason" for a sentence reduction.

---

[7] https://www.bop.gov/coronavirus/ (last visited Mar. 23, 2022).

[8] Prednisone and other corticosteroids, The Mayo Clinic, available at https://www.mayoclinic.org/steroids/art-20045692.

Eck also requests a sentence reduction based on family circumstances. Eck states that his father received a threatening text message because of Eck's cooperation with the government, that his parents are in declining health, and that he has a 16-year-old nephew whose father died and for whom Eck's parents cannot provide adequate care. Renewed Motion at 16–17. According to § 1B1.13, two family situations may qualify as extraordinary and compelling reasons for a sentence reduction:

> (i) The death or incapacitation of the caregiver of the defendant's minor child or minor children.
>
> (ii) The incapacitation of the defendant's spouse or registered partner when the defendant would be the only available caregiver for the spouse or registered partner.

U.S.S.G. § 1B1.13, cmt. 1(C). The circumstances Eck describes do not fit within either of these, and therefore they do not qualify as extraordinary and compelling reasons. See Bryant, 996 F.3d at 1247–48.

Likewise, the other circumstances Eck describes in his Renewed Motion – e.g., various hardships while in prison, the lack of further credit for substantial assistance, the alleged denial of earned time credits, and Eck's rehabilitation efforts – do not fall within the definition of "extraordinary and compelling reasons" set forth in § 1B1.13, Application Note 1. Perhaps recognizing this, Eck argues that § 1B1.13 is outdated and inapplicable, or alternatively, that the Court may find "extraordinary and compelling reasons"

based on Application Note 1(D), the so-called "catch all" provision. Renewed Motion at 5–6. However, the Eleventh Circuit's decision in Bryant, 996 F.3d 1243, forecloses these arguments. There, the court held that "[i]n short, 1B1.13 is an applicable policy statement for all Section 3582(c)(1)(A) motions, and Application Note 1(D) does not grant discretion to courts to develop 'other reasons' that might justify a reduction in a defendant's sentence." Bryant, 996 F.3d at 1248. Thus, "[b]ecause [Eck's] motion does not fall within any of the reasons that 1B1.13 identifies as 'extraordinary and compelling,'" id. at 1265, his Renewed Motion does not warrant relief.

Moreover, the § 3553(a) factors do not warrant a sentence reduction. The circumstances of the instant offenses were serious. When a Florida Highway Patrol officer encountered Eck, he had crystal meth in his waistband and additional methamphetamine, cocaine base, powder cocaine, heroin, and a firearm in his car, all of which were discovered after Eck gave the officer a false identification. (Doc. 31, Plea Agreement at 25–26). Eck was arrested and released on a state bond, but he violated the conditions of the bond, failed to appear, and remained a fugitive for several months. Id. at 26–27. When the police caught up to Eck in January 2017, they found him in possession of several loaded guns and over $7,000 in cash. Id. at 27–28. Eck earned the ACCA enhancement because he had a significant criminal history, which

8

included several prior convictions for the manufacture, sale, or delivery of controlled substances. (See Doc. 46, PSR ¶¶ 24, 40–57).

Although Eck assisted the government, he was rewarded for his cooperation with a sentence that was 43 months below the mandatory minimum. The United States explains that "[w]hile efforts were made to pursue other information provided by Eck, which was not considered at his sentencing, ultimately the information he provided was not useful in the prosecution of another." Response at 8. As a result, the United States has not moved for another substantial assistance reduction.[9]

Eck raises an argument that he is being denied earned time credits under the First Step Act. Renewed Motion at 25–28. A challenge to the denial of earned time credits goes to the execution of a defendant's sentence and is properly brought in a petition for writ of habeas corpus under 28 U.S.C. § 2241. See Antonelli v. Warden, U.S.P. Atlanta, 542 F.3d 1348, 1352 (11th Cir. 2008) (prisoner's claim that the U.S. Parole Commission wrongly denied him certain credits toward his sentence concerned the execution of the sentence, for which

---

[9] The government has "a power, not a duty, to file a motion when a defendant has substantially assisted." Wade v. United States, 504 U.S. 181, 185 (1992). "[J]udicial review is appropriate only when there is an allegation and a substantial showing that the prosecution refused to file a substantial assistance motion because of a constitutionally impermissible motivation," such as the defendant's race or religion. United States v. Dorsey, 554 F.3d 958, 961 (11th Cir. 2009) (internal quotation marks and citation omitted). Because Eck fails to show any unconstitutional motive for the government's decision not to file a further substantial assistance motion, he is not entitled to judicial review of this matter.

a § 2241 habeas petition was the appropriate vehicle). "A [§ 2241] petition for a writ of habeas corpus may only be brought in the court having jurisdiction over the petitioner or his place of incarceration." Hajduk v. United States, 764 F.2d 795, 796 (11th Cir. 1985). Eck is incarcerated at Williamsburg FCI in Salters, South Carolina. If he wishes to challenge the denial of earned time credits, he must file a habeas petition in the District of South Carolina after exhausting his administrative remedies.

For all of the foregoing reasons, Eck's Renewed Motion for Compassionate Release (Doc. 69) is **DENIED**. Eck's Motion to Appoint Counsel (Doc. 71) is likewise **DENIED**. There is no right to counsel in a proceeding under 18 U.S.C. § 3582(c). See United States v. Webb, 565 F.3d 789, 794–95 (11th Cir. 2009). The matter is not complex, and Eck has shown that he can present his arguments in a thoughtful and organized manner. United States v. Cuya, 855 F. App'x 665, 666 (11th Cir. 2021) (citing Webb, 565 F.3d at 794–95).

**DONE AND ORDERED** at Jacksonville, Florida this 28th day of March, 2022.

*[signature]*
MARCIA MORALES HOWARD
United States District Judge

lc 19

Copies to:
Counsel of record
Defendant